**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Troy L. Campbell,<br><br>           Plaintiff,<br><br>vs.<br><br>Michael Myers, et al.,<br><br>           Defendants. | No. CV-12-1222-PHX-NVW (DKD)<br><br>**ORDER** |

This matter arises on Plaintiff's Motion to Appoint Counsel (Doc. 21). Plaintiff requests that the court appoint counsel because he lacks legal training. Defendant opposes Plaintiff's request (Doc. 23).

There is no constitutional right to appointment of counsel in a civil case. *See Johnson v. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Appointment of counsel in a civil rights case is required only when exceptional circumstances are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). In determining whether to appoint counsel, the court should consider the likelihood of success on the merits, and the ability of plaintiff to articulate his claims in view of their complexity. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

Plaintiff has not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. After reviewing the file, the Court determines that this case does not present exceptional circumstances requiring the appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 21) is **DENIED** without prejudice.

DATED this 8th day of February, 2013.

_____
David K. Duncan
United States Magistrate Judge